**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-21-00617-001-TUC-CKJ (JR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Peter Gregorio Castro, | |
| Defendant. | |

On December 13, 2021, Magistrate Judge Jacqueline Rateau issued a Report and Recommendation ("R&R") (Doc. 38) in which she recommended that the Court deny Defendant Peter Castro's Motion to Suppress Evidence (Doc. 29). On December 22, 2021, Defendant filed his Objection to Report and Recommendation as to Motion to Suppress Evidence (Doc. 39); and on December 27, 2021, the Government filed its Response to Defendant's Objection to Report and Recommendation (Doc. 40). For the reasons that follow, the Court adopts the R&R and denies Defendant's Motion to Suppress Evidence. This case remains set for jury trial on March 22, 2022, at 9:30 a.m.

## BACKGROUND[1]

On January 8, 2021, a shooting occurred at the Knights Inn on Craycroft Road in Tucson, Arizona. Surveillance footage from the hotel captured a man firing shots from a

---

[1] The information in the background section is taken from the R&R's undisputed Findings of Fact., *see* Doc. 38 at 2-3, and exhibits that memorialized Defendant's arrest, *see* Docs. 29-1, 29-2.

second-floor balcony, near room #222, in the direction of room #123. The man inside room #123 fired shots back toward room #222. By the time police arrived, the man from room #222 had fled the area on foot and the man from room #123 had driven away in a maroon Chrysler PT Cruiser, with Arizona temporary license plate number 1XA3A1A. Neither man was apprehended, a search of both rooms failed to recover any weapons, and agents were unable to locate the PT Cruiser.

During their investigation, agents learned that room #123 was rented and occupied by Defendant. Defendant was subsequently detained, *Mirandized* and interrogated in room #123 shortly after police arrived. Defendant spoke to the agents, denied any participation in the shooting, and was not charged for any crime. Agents continued to investigate the shooting and search for the gunmen and PT Cruiser. Special Agent ("SA") David Korn, an agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives, was tasked with surveilling the Knights Inn in an unmarked police car.

On January 12, 2021, SA Korn received notification that a vehicle matching the description of the PT Cruiser was seen leaving the Knights Inn. SA Korn and a TPD Officer followed the car as it travelled northbound on Craycroft Road. As the vehicle turned right into a Jack in the Box restaurant, SA Korn was able to confirm the license plate on the vehicle matched the one he was given at an earlier briefing. When the vehicle pulled into the drive-thru lane of the restaurant, the TPD officer, who was traveling in a marked police car, pulled behind the PT Cruiser and activated his lights.

The TPD Officer approached the driver's side window of the Cruiser, and SA Korn approached the passenger's side window. When SA Korn approached the vehicle, the TPD Officer was commanding the occupants to make their hands visible. When the passenger failed to comply, SA Korn knocked on the passenger's side window. The passenger, later identified as Defendant, placed his hands on the dashboard but then removed his right hand to his lap area. SA Korn instructed him to move his hand back to the dashboard, and the passenger complied. The occupants were removed from the vehicle and searched. A loaded handgun was recovered from Defendant's sweatshirt pocket.

**LEGAL STANDARD**

A "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate [judge], who shall conduct appropriate proceedings and recommend dispositions." *Thomas v. Arn*, 474 U.S. 140, 141 (1985); *see also* 28 U.S.C. § 636(b)(1)(B). Any party "may serve and file written objections" to a report and recommendation by a magistrate judge. *Id*. § 636(b)(1). "A judge of the court shall make a *de novo determination* of those portions of the report or specified findings or recommendations to which objection is made." *Id.* (emphasis added). District courts, however, are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Arn*, 474 U.S. at 149. A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

**DISCUSSION**

Defendant brings his objection to the Magistrate Judge's R&R arguing that law enforcement officials:

> lacked a basis upon which to obtain a warrant to search the PT Cruiser or the person of the Defendant, and there is no evidence that they even sought such a warrant. The stop of the PT Cruiser was simply . . . based on a hunch, and not upon any identifiable probable cause or reasonable suspicion as to any[.] (sic) The Taurus firearm seized in this case was therefore the product of an illegal warrantless search and must be suppressed as evidence in this matter.

Doc. 39 at 6.

Despite Defendant's assertions to the contrary, law enforcement did not need a warrant to search Defendant when they found him riding in the lost getaway car to a recent crime scene. "[T]he Fourth Amendment requires only reasonable suspicion in the context of investigative traffic stops." *United States v. Lopez-Soto*, 205 F.3d 1101, 1104–05 (9th Cir. 2000). "Reasonable suspicion is formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *Id*. at 1105 (quotation marks and citation

omitted). "An officer is entitled to rely on his training and experience in drawing inferences from the facts he observes, but those inferences must also be grounded in objective facts and be capable of rational explanation." *Id*. (quotation marks and citation omitted). "Although an officer may not base his reasonable suspicion on a 'hunch,' he may draw on his own experience and specialized training to make inferences from and deductions about the cumulative information available that might well elude an untrained person." *United States v. Villasenor*, 608 F.3d 467, 473 (9th Cir. 2010) (cleaned up). "[C]ourts [may] impute police officers' collective knowledge to the office conducting a stop . . . where law enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned." *Id*. at 475 (quotation marks and citation omitted).

Law enforcement had more than enough reasonable suspicion to make an investigatory stop of the vehicle in which Defendant was riding. Agents were on the lookout for a maroon Chrysler PT Cruiser—with Arizona temporary license plate number 1XA3A1A—that was last seen at the Knights Inn on Craycroft Road, in Tucson, Arizona, carrying an unknown suspect fleeing from a Wild West themed shootout. Agents received notification that the exact same car was at the exact same location and were deployed to investigate. When agents approached the vehicle in the drive-through lane at a nearby restaurant, they had reason to proceed cautiously. And when the passenger of the vehicle failed to comply with commands to place his hands on the dashboard, they had additional incentive to ensure that he was not armed.[2] Police would have also been justified in making an arrest, on the spot, after they learned that Defendant was a convicted felon carrying a loaded weapon.[3] There is nothing in Defendant's Motion nor the Magistrate Judge's R&R

---

[2] *See Michigan v. Long*, 463 U.S. 1032, 1049 (1983) ("[P]rotection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, . . . and that danger may arise from the possible presence of weapons in the area surrounding a suspect.").

[3] *See United States v. Hensley*, 469 U.S. 221, 235 (1985) (observing that police are entitled to seize evidence revealed in plain view in the course of a lawful stop and to arrest a passenger when evidence discovered in plain view gives probable cause to believe the passenger has committed a crime).

- 4 -

that indicates the Magistrate Judge made an erroneous decision in denying Defendant's request to suppress evidence. Accordingly, the Report and Recommendation is adopted, and Defendant's Motion to Suppress is denied.

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 38) is ADOPTED.
2. Defendant's Motion to Suppress Evidence (Doc. 29) is DENIED.
3. This case remains set for jury trial on March 22, 2022, at 9:30 a.m.

Dated this 5th day of January, 2022.

Honorable Cindy K. Jorgenson
United States District Judge